WARNER, Judge,
dissenting with opinion.
I dissent from the affirmance only as to one issue.
Bruce Weisz appeals the trial court’s summary denial of his Rule 3.850 motion for post-conviction relief. He claims, among other things, to be entitled to a new trial because of newly discovered evidence, information contained in an affidavit from Michael Hyde, the former cellmate of appellant’s codefendant. The affidavit states that appellant’s codefendant told Hyde that he, the codefendant, had “killed a guy and then blamed it on a guy named Bruce Weisz.” Hallman v. State, 371 So.2d 482, 485 (Fla.1979), holds that to qualify as newly discovered evidence, the information “must have been unknown by the trial court, by the party, or by counsel at the time of trial, and it must appear that defendant or his counsel could not have known [about the information] by use of due diligence.” Id. at 485. Because from the record it is not clear to me as to whether defense counsel was aware of the information at the time of trial, I cannot conclusively determine whether he could have discovered the information through due diligence. I would therefore reverse that part of the trial court’s order which denied the newly discovered evidence claim and remand for an evidentiary hearing as in Jones v. State, 591 So.2d 911, 916 (Fla.1991).